UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT L. MURRAY,

                    Plaintiff,

   -against-                                                9:12-CV-0401 (LEK/ATB)

DR. GILLANI; and RC II NEPHEW,

                      Defendants.

## **DECISION and ORDER**

**I.    BACKGROUND**

This matter comes before the Court following a Report-Recommendation filed on February 11, 2013, by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(d). Dkt. No. 27 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Robert L. Murray ("Plaintiff"), which were filed on February 19, 2013. Dkt. No. 68 ("Objections"). Plaintiff additionally filed "Supplemental Objections" on February 21, 2013. Dkt. Nos. 34-35. The Court has considered the Objections and has determined that the Report-Recommendation should be approved and adopted in its entirety for the reasons stated herein.

On the same date that he filed his Objections, Plaintiff also filed three Motions seeking, respectively: (1) appointment of counsel; (2) leave to appeal the Report-Recommendation *in forma pauperis*;[1] and (3) preliminary injunctive relief. Dkt. Nos. 30, 32-33. Because the Court adopts the

---

[1] In this Motion, Plaintiff states his desire to have the Second Circuit review all of his cases pending in the United States District Court for the Northern District of New York and particularly the "judgment" of Judge Baxter dated February 11, 2013. Dkt. No. 32.

Report-Recommendation, thereby granting Defendants' Motion for summary judgment, the Court also denies Plaintiff's three Motions as moot. See Dkt. No. 11 ("Motion").

## II. BACKGROUND

The Court presumes the parties' familiarity with the facts underlying Plaintiff's Complaint and with the procedural history in this matter. Dkt. No. 1 ("Complaint"). The Court recites this brief background only to the extent necessary to decide and contextualize the instant Motion and Report-Recommendation. For a more complete statement of the facts, reference is made to the Complaint.

Plaintiff, a *pro se* inmate litigant, brought this civil rights claim on March 5, 2012, alleging that in retaliation for filing lawsuits against the Office of Mental Health ("OMH") Defendants changed Plaintiff's "mental health diagnosis" so that he would not be able to re-enter the Special Needs Unit ("SNU"). Compl. ¶ 6.

On July 12, 2012, Defendants filed their Motion for summary judgment as a Motion to dismiss Plaintiff's Complaint. See Mot. Plaintiff filed a Response to the Motion on July 25, 2012. Dkt. No. 13 ("First Response"). On November 28, 2012, after reviewing Defendants' Motion to dismiss and Plaintiff's First Response, Judge Baxter issued an Order converting the Motion to dismiss to a Motion for summary judgment pursuant to Rules 12(d) and 56 of the Federal Rules of Civil Procedure. Dkt. No. 15 ("November Order"). In the November Order, Judge Baxter afforded both parties the opportunity to file additional materials in support of or opposition to summary judgment. Id. Plaintiff submitted a Statement of facts in opposition as well as a Second Response. Dkt. Nos. 17 ("Statement"), 26 ("Second Response"). Defendants also submitted additional materials. Dkt. No. 22. Based on these additional submissions, Judge Baxter recommended that the

2

Court grant Defendants Motion for summary judgment and dismiss Plaintiff's Complaint in its entirety.

## III. LEGAL STANDARDS

### A. Review of Report-Recommendations

The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis

for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

Finally, "[i]t is well established that a court is ordinarily obligated to afford special solicitude to *pro se* litigants." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006); Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990).

### IV. DISCUSSION

In his Objections, Plaintiff argues generally that he has provided the Court with proof that

Defendants have lied and that the records they have provided to the Court are fraudulent.[2]  See generally Obj.  In substance, this is the same argument that Plaintiff had initially raised in opposition to the Motion for summary judgment.  Compare Obj., with Second Response.  Indeed, in his Second Response, Plaintiff includes numerous documents annotated with allegations that they contain inaccuracies and stating that Defendants and other prison personnel have lied.

While the Court is certainly mindful of Plaintiff's *pro se* status and therefore construes his arguments and submissions liberally,[3] the Court is unable to find that Plaintiff's arguments in his Objections amount to more than a restatement of the ones already raised and rejected by Judge Baxter in his Report-Recommendation.  To the extent that the Objections contain slightly different formulations of the arguments raised in the Second Response, they rely entirely on the same contention: that the documentary evidence of Plaintiff's incarceration and medical psychological treatment is entirely fraudulent and so is all testimony by any individuals other than Plaintiff.  As a result, the Court reviews the Report-Recommendation only for clear error and finds no such error.  See Farid, 554 F. Supp. 2d at 307.

### V. CONCLUSION

Accordingly, it is hereby:

---

[2] Plaintiff's "Supplementary Objections" do not include any new legal or factual arguments.  The first consists of a table of legal authorities.  Dkt. No. 34.  The second reiterates Plaintiff's statements about confusion regarding a program to which he was assigned and includes a copy of a reassignment memorandum.  Dkt. No. 35.

[3] In his Objections, Plaintiff notes that he is not a lawyer but that he will try to do his best.  Obj. at 1.  The Court is well aware of the challenges that may confront a *pro se* litigant, particularly one who is indigent and incarcerated.  Accordingly, as directed by the Second Circuit, see, e.g., Tracy, 623 F.3d at 101; Sealed Plaintiff, 537 F.3d at 191 the Court grants Plaintiff's submissions a generous reading so that judgment may be rendered not on the style, but on the substance of his arguments.

**ORDERED**, that the Report-Recommendation (Dkt. No. 27) is **APPROVED** and **ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 11) for summary judgment is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motions (Dkt. Nos. 30, 32-33) are **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties to this action.

**IT IS SO ORDERED**.

DATED:     March 06, 2013
                 Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge